UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

SHANNON DALLAS,

               Plaintiff,

    -against-

CITY OF NEW YORK; JOHN B. STELLA,
ATTORNEY AT LAW,

               Defendants.
----------------------------------------------------------x

MEMORANDUM AND ORDER
06-CV-108? (ENV) (LB)

Vitaliano, United States District Judge.

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismisses the complaint for the following reasons.

## Background

Plaintiff alleges that defendant Stella, a court appointed attorney, provided ineffective assistance of counsel during his criminal trial.[1] Specifically, plaintiff alleges:

> Defendant John B. Stella, failed to faithfully perform his duties as a duly admitted attorney in the State of New York, deprived plaintiff of his right to effective assistance of counsel as commanded by the six amendment. That as a result of the professional failure of the defendant to properly represent plaintiff, to look after and to protect plaintiff rights at all times. To prevent prejudice to plaintiff as aforesaid, and to employ his professional skill, knowledge, ability, integrity and experience sufficient in plaintiff's behalf.

Complaint at 3, ¶ 22. Plaintiff seeks monetary damages in the amount of four thousand dollars.

---

[1] A claim of ineffective assistance of counsel is brought by a writ of habeas corpus not in a proceeding brought pursuant to § 1983.

1

## **STANDARD OF REVIEW**

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); 28 U.S.C. § 1915 (e)(2)(B); Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## **DISCUSSION**

### Claims Against The City of New York

To find a municipality liable under § 1983, a plaintiff must show that the alleged violation resulted from an official policy, custom or practice. Monell v. Department of Social Services of City of New York., 436 U.S. 658, 691-94 (1978); Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993); Feliciano v. County of Suffolk, No. 04 CV 5321, 2005 WL 2367757, at *8 (E.D.N.Y. Sept. 27, 2005). In the instant complaint, plaintiff fails to plead facts to establish that the City's policy, practice, or custom caused the alleged violation of his constitutional rights. In fact, other than naming the City of New York, as a defendant in the caption of the complaint, plaintiff fails to allege any wrongdoing by the City whatsoever. Accordingly, plaintiff's claim against the City of New York must be dismissed. 28 U.S.C. § 1915A (b).

Claims Against John B. Stella

Plaintiff's claim against defense attorney Stella is likewise dismissed. In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law. Ciambriello v. Country of Nassau, 292 F.3d 307, 323 (2d Cir. 2002). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. Brentwood Academy v. Tennessee, 121 S.Ct. 924, 935 (2001); American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Moreover, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor "under color of state law" within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defenders do not act under color of state law); accord Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997) (court appointed attorneys are not liable under § 1983), Daniel v. Safir, 135 F.Supp.2d 367, 374 (E.D.N.Y. 2001) (legal aid society and its attorneys do not act under color of state law when performing lawyers' traditional functions). Therefore, defendant Stella is not a state actor within the meaning of § 1983. 28 U.S.C. § 1915 (e)(2)(B).

## CONCLUSION

Accordingly, the complaint is dismissed. 28 U.S.C.§ 1915A; 28 U.S.C. § 1915 (e)(2)(B). Plaintiff's request to proceed *in forma pauperis* for the current proceeding is granted. However, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
March 14, 2006